James R. SPRANGERS, Appellant,

v.

FUNDAMENTAL BUSINESS TECHNOLOGY, INC., et al., Respondents.

No. C8–87–836.

Court of Appeals of Minnesota.

Sept. 15, 1987.

Review Denied Nov. 18, 1987.

**48**

Vernon J. Vander Weide, Head & Truhn, Minneapolis, for appellant.

Mark J. Briol, Gregory L. Wilmes, Fruth & Anthony, Minneapolis, for respondents.

Heard, considered and decided by HUSPENI, P.J., and FORSBERG and LESLIE, JJ.

## OPINION

LESLIE, Judge.

This is an action by appellant James R. Sprangers to obtain stock and warrants pledged as collateral by respondents Fundamental Business Technology, Inc. and its president, Jude Weyrauch, for a $9,000 loan. Sprangers appeals from partial summary judgment granted to respondents, dismissing Sprangers' claim to the extent it was based on Minn.Stat. § 336.9–505(2) (1986). That statute allows a secured party in possession of collateral to retain that collateral in satisfaction of a debt when certain conditions are met. The trial court dismissed this claim because it found Sprangers was never in possession of the collateral. We affirm.

## FACTS

In August 1983 respondents deposited 500,000 shares of stock in MedVenture, Inc., and 250,000 warrants to purchase MedVenture, Inc. with Norwest National Bank Minneapolis, N.A. ("Norwest") as escrow agent, pursuant to an escrow agreement. The parties to the agreement included respondents, Norwest and the Commissioner of Securities and Real Estate for the State of Minnesota ("the Commissioner"), but did not include appellant James R. Sprangers ("Sprangers"). The escrow agreement prohibited any sale or transfer of the securities without prior release of the Commissioner.

On April 9, 1984 Sprangers loaned respondents the sum of $9,000. The loan was secured by the previously escrowed stock and warrants and was due and payable on May 9, 1984. The security agreement provided that actual possession of the collateral by Sprangers would not be required to allow Sprangers to pursue his remedy of strict foreclosure after default.

Respondents defaulted on the loan and Sprangers gave notice of default and his intention to retain the collateral on May 11, 1984. Respondents failed to object to the notice and Sprangers attempted to obtain the collateral from Norwest, the escrow agent. Norwest refused to release the col-

lateral to Sprangers, as such a release would have been in violation of the escrow agreement. In September 1986 the Commissioner of Securities authorized release of the collateral to respondents, and Norwest released the collateral to them.

Sprangers commenced this action to obtain the stock and warrants pledged as collateral on the $9,000 loan he made to respondents. Respondents tendered payment of the loan, but Sprangers refused to accept payment. Respondents moved for partial summary judgment dismissing Sprangers' claim to the extent it was based on Minn.Stat. § 336.9–505(2) (1986). That statute allows a secured party in possession of collateral to retain that collateral in satisfaction of a debt when certain conditions are met. Although respondents disagree with the above stated version of the facts, they accepted these facts as true for purposes of this motion.

The trial court granted respondents' motion. It found Sprangers was never in possession of the collateral as required by statute and that the attempted waiver of the defense of nonpossession was ineffective. Additionally, the court found:

> To allow waiver of possession in this case would be manifestly unreasonable since [Sprangers] would receive securities worth in excess of $1,000,000 in payment of his $9,000 loan.

Sprangers appeals this ruling. He claims he had possession of the collateral and that the waiver of the defense of possession was valid. He also appeals an order of the trial court denying his motion for leave to amend his complaint.

## ISSUES

1. Was Sprangers in possession of the collateral for purposes of obtaining strict foreclosure after default?

2. Was the attempted waiver of the defense of nonpossession valid?

3. Did the trial court abuse its discretion in denying Sprangers' motion to amend his complaint?

## ANALYSIS

1. On appeal from summary judgment this court must determine whether there were any genuine issues of material fact and whether the court erred in applying the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). Sprangers claims the trial court erred in its interpretation of the laws regarding strict foreclosure by finding he did not have possession of the collateral at issue. Minn. Stat. § 336.9–505(2) allows a secured creditor to obtain strict foreclosure after default, if certain conditions are met. The statute provides:

> In any other case involving consumer goods or any other collateral *a secured party in possession* may, after default, propose to retain the collateral in satisfaction of the obligation. Written notice of such proposal shall be sent to the debtor if the debtor has not signed after default a statement renouncing or modifying the debtor's rights under this subsection. In the case of consumer goods no other notice need be given. In other cases notice shall be sent to any other secured party from whom the secured party has received (before sending notice to the debtor or before the debtor's renunciation of rights) written notice of a claim of an interest in the collateral. If the secured party receives objection in writing from a person entitled to receive notification within 21 days after the notice was sent, the secured party must dispose of the collateral under section 336.9–504. In the absence of such written objection the secured party may retain the collateral in satisfaction of the debtor's obligation.

Minn.Stat. § 336.9–505(2) (emphasis added).

The collateral in this case was in the physical possession of Norwest pursuant to the escrow agreement at the time the parties signed the security agreement. Sprangers claims Norwest was "holding" the collateral for him and acted as a bailee. However, Sprangers asked Norwest to release the collateral to him and Norwest refused to do so, as they were forbidden to do so under terms of the escrow agreement. It is clear Norwest was not holding

the collateral for Sprangers. Sprangers was not a party to the escrow agreement. Norwest could not have held the collateral for Sprangers, as it held the collateral only as an escrow agent for respondents pursuant to an escrow agreement.

2. Sprangers' next claim is that the terms of the security agreement clearly expressed an enforceable waiver of the right to raise the defense of nonpossession. The security agreement stated:

> Debtor hereby unconditionally agrees that actual possession of Collateral by Secured Party is not required to allow Secured Party to pursue any and all remedies available to Secured Party which includes but is not limited to [the remedy of strict forfeiture described] in section 3.1 of this agreement. Debtor unconditionally waives nonpossession as a defense in any and all actions taken by Secured Party.

If this waiver was valid, it appears Sprangers may have a right to the collateral and the trial court erred in granting summary judgment.

■ Minn.Stat. § 336.9–501(3) prohibits waiver of a debtor's rights in certain circumstances:

> To the extent that they give rights to the debtor and impose duties on the secured party, the rules stated in the subsections referred to below may not be waived or varied except as provided with respect to compulsory disposition of collateral (subsection (3) of section 336.9–504 and section 336.9–505) and with respect to redemption of collateral (section 336.9–506) but the parties may by agreement determine the standards by which the fulfillment of these rights and duties is to be measured if such standards are not manifestly unreasonable:
>
> \* \* \* \* \* \*
>
> (c) Subsection (2) of section 336.9–505 which deals with acceptance of collateral as discharge of the obligation;

*Id.* This section appears to prohibit waiver of the defense of nonpossession in this case. Sprangers claims the possession requirement of section 336.9–505(2) is not a right given to the debtor and therefore the

waiver of this requirement in the security agreement is valid. Respondents counter that possession is a very important right of the debtor and therefore it makes sense that a waiver of the defense of nonpossession would be prohibited. Neither party has cited any case law or commentary that has specifically addressed this issue.

Generally, the Uniform Commercial Code limitations reflect a "long standing concern with overreaching by secured creditors." Hogan, *The Secured Party and Default Proceedings Under the UCC,* 47 Minn.L. Rev. 205, 207 (1962). The official comments to the code view attempted waivers with suspicion:

> In the area of rights after default our legal system has traditionally looked with suspicion on agreements designed to cut down the debtor's rights and free the secured party of his duties: no mortgage clause has ever been allowed to clog the equity of redemption. The default situation offers great scope for overreaching; the suspicious attitude of the courts has been grounded in common sense.

Minn.Stat. § 336.9–501, comment 4. Because of the great suspicion associated with attempted waivers of a debtor's rights, we affirm the trial court's decision that the possession requirement of section 9–505(2) cannot be waived.

3. Sprangers sought to amend his complaint to set out certain facts which had occurred since the date of the original complaint. He wanted to include allegations regarding the early release of the collateral from escrow and sale of a portion of the collateral by respondents. The trial court denied the motion and Sprangers' appeal from this order was untimely. Sprangers claims the order is reviewable, however, under Minn.R.Civ.App.P. 103.04 which provides that "on appeal from a judgment [the appellate courts] may review any order involving the merits or affecting the judgment."

This court has allowed review of an interlocutory order on appeal from a summary judgment. In *Spearman v. Salminen,* 379

N.W.2d 627 (Minn.Ct.App.1986), appeal was taken from a summary judgment and from an order granting an attorney's request to withdraw as counsel. This order was non-appealable itself, but was reviewable under Minn.R.Civ.App.P. 103.04. *Spearman*, 379 N.W.2d at 632.

In the present case, Sprangers appealed from a partial summary judgment and from the order denying his motion to amend the complaint. Because we affirm the trial court's decision on the main issues, Sprangers' only valid claim is for the $9,000 principal, together with interest. Respondents have conceded from the start of this lawsuit that they owe this amount. Consequently, our affirmance of the trial court will effectively end this lawsuit and the partial summary judgment is, for all practical purposes, the equivalent of a summary judgment which ends the litigation. As in *Spearman*, it is economical to review the order at this time, rather than requiring appellant to go forward with his lawsuit, wait for a determination and then appeal the issue. The order denying Sprangers' motion to amend his complaint is reviewable under the rationale of *Spearman*.

A motion to amend a complaint is committed to the trial court's discretion. *Utecht v. Shopko Department Store*, 324 N.W.2d 652, 654 (Minn.1982). In this case Sprangers sought to amend his complaint to include facts regarding the release of the collateral from escrow and the sale of some of the securities by respondents. Sprangers in his supplemental complaint alleged those actions constituted conversion and fraud. Because the trial court granted partial summary judgment to respondents, it would be no help to Sprangers to amend his complaint. Sprangers' only theory by which he could recover the collateral is by strict foreclosure pursuant to Minn.Stat. § 336.9–505(2). Because this claim was dismissed it was reasonable for the trial court to deny Sprangers' motion. The trial court did not abuse its discretion.

Finally, this panel must decide whether Sprangers' motion for this court to accept additional evidence should be granted and whether respondents should be awarded attorney fees for responding to Sprangers' motion. By order dated June 26, 1987 this court referred both items to this panel.

Sprangers included several documents in his brief which were not a part of the record before the trial court. He moved this court to accept the documents under Minn.R.Civ.App.P. 110.05, which allows this court to consider "questions as to the form and content of the record." Sprangers is submitting the additional evidence to establish the value of the collateral at the time of the transaction. He claims the trial court erred by basing its opinion on the value of the collateral because he was not given a chance to submit evidence of value and because value is not relevant to the issues in this case. The trial court did mention in its memorandum the value of the collateral. However, it gave valid reasons why partial summary judgment was appropriate in this case. Furthermore, evidence not presented to the trial court cannot be used by this court in reviewing the trial court's decision. *Hasan v. McDonald's Corp.*, 377 N.W.2d 472, 473 (Minn.Ct.App.1985). Allowing additional evidence would mean this court "would be reviewing a different case than the one before the trial court." *Id.* For these reasons, we deny Sprangers' motion. However, we deny respondents' motion for attorney fees.

## DECISION

The trial court's grant of partial summary judgment is affirmed. Appellant's motion to submit additional evidence on appeal is denied.

Affirmed.